**MINUTE ENTRY**
**ROBY, M. J.**
**November 7, 2007**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **FRED SMITH AND JOSEPHINE SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO:   06-08506** |
| **ALLSTATE INSURANCE CO.** | **SECTION: "T" (4)** |

**ORDER**

Before the Court is a **Just Cause Motion to Vacate Order for Motion to Compel Deposition of Plaintiff's (R. Doc. 38)**, filed by the Plaintiffs, seeking an order from the Court to vacate the previous **Order (R. Doc. 34)** which granted the **Defendant's Motion to Compel Deposition of Plaintiff (R. Doc. 29)** as unopposed. The Defendant filed an **Opposition to Plaintiff's Just Cause Motion to Vacate Order for Motion to Compel Deposition of Plaintiff (R. Doc. 37)**. The motion was heard with oral argument on November 7, 2007. At the hearing, Josephine Smith appeared *pro se*, and James F. Ryan appeared on behalf of the Defendant.

**I.   Background**

The Plaintiffs filed this action against the Defendant to recover homeowner's insurance proceeds that the Plaintiffs allege should have been paid by the Defendant for damages and losses

  MJSTAR:  00:20

caused by Hurricane Katrina to their home, located at 5019 Press Drive, New Orleans, Louisiana. (R. Doc. 1.) In a letter dated on August 24, 2007 to United States District Judge G. Thomas Porteous, Jr. ("Judge Porteous"), the Plaintiffs asserted that they had previously sought legal assistance from the Law Firm of Bruno and Bruno ("Bruno and Bruno"). (R. Doc. 38-6, Ex. 4.) However, Bruno and Bruno declined to represent the Plaintiffs, and the Plaintiffs proceeded in the case *pro se*. (R. Doc. 38-6, Ex. 4.)

After participating *pro se* in a preliminary pretrial conference on August 14, 2007, the Plaintiffs contend that they called the Clerk of the Court ("Clerk") on August 22, 2007 to find out why they had not yet received a scheduling order in the case. (R. Doc. 38-6, Ex. 4.) They assert that the Clerk told them that Joseph M. Bruno ("Bruno") and L. Scott Joanen ("Joanen") of Bruno and Bruno had enrolled as counsel of record on August 14, 2007, and thus, the Plaintiffs could no longer act in a *pro se* capacity. (R. Doc. 38-6, Ex. 4.) The Plaintiffs called Bruno and Bruno and discovered that the law firm had erroneously filed a **Motion to Enroll as Counsel of Record (R. Doc. 24)** in the case, even though their computer files indicated that they had declined representation. (R. Doc. 38-6, Ex. 4.) The Plaintiffs then wrote a letter to Judge Porteous on August 24, 2007, "requesting the court to intervene and recognize . . . Josephine Smith as Pro Se Counsel immediately." (R. Doc. 38-6, Ex. 4.)

In the intervening time, the Plaintiffs agreed to the Defendant's request to depose Josephine Smith and her brother, Joseph Davis, Jr. in New Orleans for August 24, 2007. (R. Doc. 29-3, Ex. 2.) However, on August 23, 2007, the Plaintiffs informed the Defendant that neither individuals could attend the deposition because (1) Josephine Smith lives over 350 miles away from New Orleans and could not attend because of medical problems and (2) Joseph Davis, Jr. resides in another state and also could not appear for the deposition because of medical problems. (R. Doc.

29-3, Ex. 4.) At that time, the Plaintiffs contend that counsel for the Defendant informed them that he could not communicate with them because they were represented by Bruno and Bruno. (R. Doc. 38.) However, the Defendant maintains that the Plaintiffs refused to provide an alternative deposition date because they did not have the scheduling order from the court and refused to cooperate. (R. Doc. 29-3, pp. 3-4.)

After the Plaintiffs cancelled the deposition, the Defendant filed **Defendant's Motion to Compel Deposition of Plaintiff (R. Doc. 29)** on August 30, 2007. The Court granted the motion as unopposed on September 24, 2007 (R. Doc. 34), however, Bruno and Joanen remained the attorneys of record for the Plaintiffs until September 27, 2007. Bruno and Joanen eventually filed a **Motion to Withdraw as Attorney of Record (R. Doc. 35)** on September 25, 2007, and the Court granted the motion two days later, on September 27, 2007 (R. Doc. 36). The deadline for the taking of depositions in this case is May 4, 2008. (R. Doc. 26, p. 1.)

The Plaintiffs assert that Bruno and Joanen's enrollment as counsel of record and their delay in withdrawing from the case prevented the Plaintiffs from responding to the Defendant's motion. Accordingly, they request that the Court's order be vacated. However, the Defendant counterargues that the Plaintiff knew about the Defendant's motion and need to depose the Plaintiff and has not complied with discovery or submitted to a deposition in the case. At the hearing, the Defendant maintained that it had a pending motion to dismiss the case before Judge Porteous, but would withdraw its motion if the Plaintiff, Josephine Smith, submitted to a deposition.

**II.     Standard of Review**

The Plaintiffs' motion should be styled as a motion for reconsideration. The Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider. *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir.1985). However, the Fifth Circuit treats motions to

reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60(b), depending upon the time at which the motion is filed. *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). A motion for reconsideration is analyzed under Rule 59(e) if it is served within ten days of the court's ruling, otherwise, it is analyzed under Rule 60(b) if it is served after that time. *Id.* Here, the Plaintiffs filed their motion ten days after the Court's Order, and thus the motion is properly considered under Rule 60(b).

Under Rule 60(b), a court may reconsider an earlier order for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered with due diligence in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct, (4) the order is void; (5) the order has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or vacated, or it is no longer equitable for the order to have prospective application; or (6) any other reason justifying relief from the operation of the order. Fed. R. Civ. P. 60(b). The sixth element is a "catch-all" factor which requires that the mover show extraordinary circumstances that justify reconsideration. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (citations omitted).

Courts possess "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir.1995). In exercising this discretion, the court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* Reconsideration is an extraordinary equitable power that should only be exercised when a specific basis for the remedy is met, and when upsetting a past order is essential to prevent injustice. *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir.1998).

**III.    Analysis**

The Plaintiffs contend that the Court's order must be reconsidered because they could not represent themselves until Bruno and Joanen were removed as attorneys of record and thus, they could not respond or defend themselves against the Defendant's motion. Furthermore, they maintain that they have already provided many of the documents requested in the subpoena duces tecum to the Defendant on July 18, 2007.

In opposition, the Defendant contends that the Plaintiffs knew of the motion at least since September 8, 2007, when the Defendant delivered a copy of the motion to the Plaintiff via certified mail. However, the Plaintiffs did not respond or alert the Court of their inability to respond to the motion. Furthermore, the Defendant asserts that the Plaintiffs refuse to comply with discovery in the case by submitting to a deposition.

Although the erroneous enrollment by Bruno and Joanen affected the Plaintiffs' ability to respond to the Defendant's motion, the Plaintiffs have not shown that they are willing to comply with the discovery in the case. In fact, the evidence suggests that the Plaintiffs did not provide the Defendant with any alternative dates and failed to otherwise cooperate in scheduling the depositions. Despite the Plaintiffs' inconvenience or burden in submitting to a deposition, the Plaintiffs may not indefinitely postpone the taking of their depositions, but must expeditiously attempt to comply with discovery and the resolution of the case. As indicated above, reconsideration of a Court's order is a extraordinary remedy used only to prevent injustice. Here, in the Court's discretion, the Court concludes that there is no injustice in mandating the Plaintiffs to comply with the previous Order compelling the Plaintiffs to submit to a deposition. In fact, despite Josephine Smith's health problems, she was able to appear for hearing before this Court on November 7, 2007. Furthermore, based on the Court's suggestion, she ultimately submitted to a deposition on that day, November 7,

2007, in the undersigned United States Magistrate Judge's courtroom.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Just Cause Motion to Vacate Order for Motion to Compel Deposition of Plaintiff's (R. Doc. 38)** is **DENIED**.

New Orleans, Louisiana, this   14th   day of November 2007

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**